No. 03-819

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 361N

ROBERT CLYDE HUFFAR,

        Plaintiff and Appellant,

   v.

DEPARTMENT OF CORRECTIONS, RICK DAY AND BILL
SLAUGHTER AS HEAD OF CORRECTIONS; MONTANA
STATE PRISON, MIKE MAHONEY AS WARDEN; SANDY
HEATON, AS HEAD OF THE SEX OFFENDER TREATMENT AT
MONTANA SATE PRISON; CHARMAINE NICHOLSON, AS HEAD
OF SEX OFFENDER TREATMENT AT CROSSROADS CORRECTIONAL
CENTER; ANITA LARNER, AS UNIT MANAGER AT MONTANA STATE
PRISON; TERRY COCHRAN, AS COUNSELOR OF A-UNIT AT
MONTANA STATE PRISON,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Ninth Judicial District,
                     In and for the County of Toole, Cause No. DV 03-040,
                     The Honorable Marc Buyske, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Robert Clyde Huffar (pro se), Shelby, Montana

        For Respondents Rick Day, Bill Slaughter, Mike Mahoney, Sandy Heaton, Anita
        Larner and Terry Cochran:

            Joan Hunter, Department of Corrections, Helena, Montana

        For Respondent Charmain Nicholson:

            James R. Walsh, Tanya R. Dvarishkis, Smith, Walsh, Clarke & Gregoire,
            Great Falls, Montana

                         Submitted on Briefs:  July 20, 2004
                                 Decided:  December 21, 2004

Filed:

                                    Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Appellant Robert Clyde Huffar (Huffar), appearing *pro se*, appeals the granting of Respondents' motion to dismiss by the Ninth Judicial District Court, Toole County.  We affirm.

¶3      We restate the sole issue on appeal as follows:

¶4      Whether the District Court erred in dismissing Huffar's complaint for failing to state a claim upon which relief may be granted.

¶5      On April 15, 1985, Huffar pled guilty to the offenses of aggravated assault, aggravated burglary, use of a weapon and sexual intercourse without consent.  Huffar was incarcerated on April 17, 1985, to a term of fifty years with eligibility for parole beginning on December 1, 2001.  Under the terms of his incarceration, Huffar could only become eligible for parole upon completion of a sex offender treatment program.

¶6      Between 1985 and 2002, Huffar was transferred to and spent time in four separate prisons in Texas, Arizona and Montana during which time he never completed a sex offender treatment program.   Huffar appeared before the parole board on January 31, 2002.  The parole board denied Huffar parole in part due to his failure to complete the sex offender

2

treatment program.

¶7 On July 29, 2003, Huffar filed a petition pursuant to 42 U.S.C. § 1983 alleging, "Violation of His State Constitutional and U.S.C. Rights, Denial of his Liberty Interests, Lack of Rehabilitation, Mental Anguish [and] Enhancement of His Sentence . . . ." The basis for his allegations against Respondents is his inability to complete the sex offender treatment program restricted his capacity for parole. Huffar contends the Respondents continuously moved him to facilities that either placed him on a waiting list for their program or lacked a program altogether thereby purposely depriving him an opportunity to fulfill the terms required for his parole eligibility. Huffar requested relief in the form of $1,280,000 and a certificate of completion for a sex offender treatment program. The Respondents disputed all of Huffar's allegations and filed a motion to dismiss under Rule 12(b)(6), M.R.Civ.P., for failure to state a claim upon which relief may be granted.

¶8 On November 17, 2003, the District Court filed an order dismissing Huffar's complaint for failure to state a claim upon which relief could be granted. Giving the "complaint" all deference and inferences to which it was entitled, the District Court concluded Huffar was not entitled to any relief under any set of facts which could be mustered in support of the "complaint." Accordingly, the District Court dismissed Huffar's complaint.

¶9 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us the appeal is

3

without merit because Huffar would not be entitled to relief based on any set of facts that could be proven to support a claim, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted and the District Court was correct in dismissing Huffar's complaint for failure to state a claim upon which relief could be granted.

¶10    We affirm the judgment of the District Court.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM RICE